Hossen v. Garland

BIA
Gordon, IJ
A215 660 840

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MD FORHAD HOSSEN,
> *Petitioner,*

v.                                    **22-6197**
                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Xiaotao Wang, Esq., Law Office of Xiaotao Wang, P.C., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Margot P. Kniffin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Md Forhad Hossen, a native and citizen of Bangladesh, seeks review of a March 24, 2022 decision of the BIA, affirming a December 30, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Md Forhad Hossen,* No. A215 660 840 (B.I.A. Mar. 24, 2022 ), *aff'g* No. A215 660 840 (Immig. Ct. N.Y. City Dec. 30, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination

"under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Hossen alleges that he was attacked on multiple occasions by members of the Awami League on account of his work for Bangladesh's Liberal Democratic Party ("LDP"). The agency determined that Hossen was not credible because, inter alia, he was unable to recall details of his work for the LDP and did not rehabilitate his inconsistent or implausible testimony with reliable evidence of his political activities.

Hossen argues that the agency erroneously relied on his lack of knowledge about the LDP. However, the IJ reasonably based its adverse credibility determination on Hossen's inability to provide details about his own alleged political activities given his testimony that he was an active party member. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hossen joined the LDP in January 2014, and left Bangladesh in 2018. He stated that he "hung posters, campaigned for party leaders, attended meetings and rallies and was available at all times to do whatever task [he] was assigned by [his] party leaders." CAR at 346. However, on cross-examination, he could not recall how many posters he put up, where he got the posters, how many people he recruited to the party, the names of individuals he recruited, or the last LDP meeting he attended before leaving the country. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that

4

an adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience").

Hossen also testified that he last voted in 2008, and when asked why he had not voted in the most recent election, he stated that he understood "the elections things less" and was busy farming. CAR at 89-90. Given his professed level of engagement in the party from 2014 until his departure from Bangladesh, the IJ did not err in finding his explanations that he was too busy to vote or otherwise uninterested implausible. *See Siewe*, 480 F.3d at 169. Hossen's later explanation to the to the BIA—that he did not vote because the LDP boycotted the 2014 national elections—was not compelling because it is inconsistent with the explanation he offered to the IJ. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Hossen's basic inability to articulate the details of his political activity that are central to his claim to asylum, or to adequately explain the reason for these omissions, provided substantial support for the agency's adverse credibility determination. *See Hong Fei Gao*, 891

5

F.3d at 79.

Finally, Hossen has abandoned any claim that the agency erred in finding that he failed to rehabilitate his testimony with reliable corroborating evidence. The agency may rely on the lack of reliable corroboration where an applicant's credibility is already in question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although Hossen states that he sufficiently corroborated his claim, he does not cite specific documents, explain why the IJ should have given the documents weight, or explain how the documents rehabilitated his inability to describe his activities for the LDP. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument"). In any event, the agency reasonably determined that Hossen's documentary evidence warranted minimal weight and failed to rehabilitate his claim.

In sum, substantial evidence supports the adverse credibility determination given Hossen's inability to recall details of his work for the LDP, his implausible

6

and inconsistent statements about why he did not vote, and the lack of reliable corroboration of his political activities. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *Siewe*, 480 F.3d at 168–69. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7